**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN O. EGUILOS,<br><br>        Petitioner,<br><br>    v.<br><br>JOE LIZARRAGA, Warden,<br><br>        Respondent. | Case No. CV 16-6646 JGB (SS)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On July 7, 2016, Christian O. Eguilos, ("Petitioner"), a California state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus seeking to vacate a September 2015 criminal judgment of the Los Angeles County Superior Court in Norwalk, California.[1] ("Petition," Dkt. No. 1, at 1-2). The

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed on the date the prisoner delivers it to prison authorities for mailing. Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). Here, the Court used the date on the Petition's Proof of Service as the constructive filing date. (Petition at 7). Throughout this Report, the Court cites the Petition and its

Petition was originally filed in the Ninth Circuit and was transferred to this Court on September 2, 2016. (Dkt. No. 2).

For the reasons discussed below, the Petition must be dismissed with leave to amend. The Court has the authority to dismiss habeas actions sua sponte. See Rule 4 of the Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); see also Pagtalunan v. Galaza, 291 F.3d 639, 641 n.1 (9th Cir. 2002) (quoting Rule 4); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (observing that summary dismissal is appropriate where the petition's allegations are vague, conclusory, palpably incredible, patently frivolous, or false) (citing Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

**II.**

**ALLEGATIONS OF THE PETITION AND PRIOR PROCEEDINGS**

The Petition purports to challenge a September 25, 2015 Los Angeles County Superior Court judgment of conviction for unspecified crimes entered upon Petitioner's nolo contendere plea. (Petition at 2). Petitioner claims both that he did not file a direct appeal and that his direct appeal is "pending." (Id. at

---

attached exhibits as though they are continuously paginated. The Court also substitutes Joe Lizarraga, the warden at Mule Creek State Prison, as the proper Respondent. See Fed. R. Civ. P. 25(d).

2

5). Exhibits to the Petition also suggest that, when the Petition was filed, Petitioner may have been in state custody pending trial on the criminal charges that are the subject of the Petition. (Id. at 10-19 (state court form pleadings signed by Petitioner and dated July 7, 2016 requesting a hearing and trial or dismissal of charges pending longer than 90 days)).

The Petition's sole claim reads: "Plead out of fear // lack of knowledge[.] Reviewed for court error[.] Unstable mind during court please review[.]" (Id. at 3).

In July 2016, Petitioner filed a habeas corpus petition before this Court on substantially the same grounds raised in the instant Petition. Eguilos v. Lazzargo, CV 16-5352 JGB (SS), Dkt. No. 1. Because Petitioner claimed that his direct appeal was pending, the Court dismissed that petition without prejudice on Younger abstention grounds as prematurely filed. Id. at Dkt. Nos. 4, 6-7.

### III.

### DISCUSSION

The Court must dismiss the instant Petition due to defects discussed below. However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013). Accordingly, the Court grants Plaintiff leave to amend as indicated below.

3

**A.   The Petition Must Be Dismissed Because It Fails To State A Claim For Habeas Relief**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To avoid dismissal, a complaint must contain "more than labels or conclusions" or "a formulaic recitation of the elements of a cause of action." Id. Additionally, Rule 2(c) of the Rules Governing Section 2254 Cases, which demands an even "more detailed statement" than Federal Rule of Civil Procedure 8(a)(2), requires that a petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See Mayle v. Felix, 545 U.S. 644, 649 (2005).

Petitioner's allegations do not meet these standards. The sole claim raised in the Petition is extremely vague, although it generally appears to argue that Petitioner's plea was made unknowingly or involuntarily. Petitioner also provides virtually no information about what occurred at his plea hearing, the nature of his sentence, or the current status of his conviction. Petitioner has therefore alleged no facts that would permit the Court to analyze or even understand the precise grounds for Petitioner's claim. It would also be impossible for Respondent to form a response to the Petition as currently drafted. Therefore, the Petition must be dismissed with leave to amend.

**B.     The Petition May Be Premature**

The Petition and its exhibits suggest numerous contradictory conclusions regarding the status of Petitioner's conviction, i.e., that Petitioner did not appeal but his appeal is "pending," or that Petitioner is awaiting trial but has already entered a nolo contendere plea.  (Petition at 2, 5, 10-19).  A First Amended Petition may clarify the status of Petitioner's conviction.

In light of Petitioner's suggestion that his conviction may not be final, however, the Court reminds Petitioner that a federal court will generally abstain from intervening in a pending state criminal proceeding where the danger of irreparable harm is "great and immediate."  See Younger v. Harris, 401 U.S. 37, 45-46 (1971).  "Application of Younger does not lead to the determination that the federal courts have no basis for jurisdiction in the first instance.  Rather, [under Younger] the federal courts have bound themselves pursuant to principles of comity to voluntarily decline to exercise jurisdiction that they have and would otherwise exercise."  Canatella v. State of California, 404 F.3d 1106, 1116 (9th Cir. 2005) (emphasis omitted).  Thus, when Younger applies, the court must dismiss the pending action without prejudice.  See Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended.  To the contrary, Younger abstention requires dismissal of the federal action." (emphasis omitted)).

Abstention is required when "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008). Abstention is then warranted unless there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); see also Edelbacher v. Calderon, 160 F.3d 582, 584, 586 (9th Cir. 1998) ("extreme" or "unusual" state court delay may justify immediate federal review if delay is attributable to state court ineffectiveness).

Here, the criteria for Younger abstention may be satisfied. First, although the precise status of Petitioner's criminal proceedings is uncertain, Petitioner's conviction may now or in the future be subject to direct review by the California appellate courts. Second, state court criminal proceedings implicate important state interests in the order and integrity of California's criminal justice system. See, e.g., Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering

equitable types of relief."). Third, there is no suggestion that state proceedings will provide inadequate opportunities to litigate issues that may be presented in the instant federal proceeding. Fourth, a ruling by this Court in Petitioner's favor could have the practical effect of enjoining ongoing state proceedings.

Petitioner also has not identified any "extraordinary circumstance that would make abstention inappropriate." Middlesex Cnty. Ethics Comm., 457 U.S. at 435; see also Edelbacher, 160 F.3d at 584. Particularly, even if Petitioner has been held without a trial for several months, this is not "extreme delay" such that intervention is warranted. Cf. Edelbacher, 160 F.3d at 586 (intervention unwarranted where state proceedings were likely to last a "matter of months, not years" (quotation marks omitted)).

Because the nature of Petitioner's claim and the status of his conviction are unclear, dismissal with leave to amend is warranted. Petitioner is cautioned, however, that this action may be dismissed on Younger grounds if it was prematurely filed.

**IV.**

**CONCLUSION**

For the reasons stated above, the Petition is dismissed with leave to amend. If Petitioner wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Petition. In any amended petition, the Petitioner shall cure the defects described above.

The First Amended Petition, if any, shall be complete in itself and shall bear both the designation "First Amended Petition" and the case number assigned to this action. It shall not refer in any manner to the original Petition.

In any amended petition, Petitioner should confine his allegations to those operative facts supporting each of his claims. In any amended petition, each page must be legible and consecutively numbered. Plaintiff is strongly encouraged to utilize the Central District's standard form for habeas petitions when filing any amended petition. **A blank form habeas petition is attached for Petitioner's use**.

Petitioner is explicitly cautioned that failure to timely file a First Amended Petition, or failure to correct the deficiencies described above, will result in a dismissal of this action with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A form Notice of Dismissal is attached for Petitioner's convenience**.

DATED: September 28, 2016

               /S/
              SUZANNE H. SEGAL
              UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS OR ANY OTHER LEGAL DATABASE**