# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case Nos.  CV 16-6646 JGB (SS) | Date: January 5, 2018 |
| | Page 1 of 4 |

Titles:     Christian O. Eguilos v. Joe Lizarraga

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO THE YOUNGER ABSTENTION DOCTRINE**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:     ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                                                    None Present

**PROCEEDINGS: (IN CHAMBERS)**

On July 7, 2016, Christian O. Eguilos, ("Petitioner"), a California state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus challenging a September 2015 criminal judgment of the Los Angeles County Superior Court in Norwalk, California.[1] ("Petition," Dkt. No. 1, at 1-2). On September 28, 2016, the Court denied the Petition with leave to amend pursuant to Federal Rule of Civil Procedure 8 because it was impermissibly vague. (Dkt. No. 4). Subsequently, Petitioner filed his First Amended Petition. (Dkt. No. 12).

Petitioner indicates that he appealed his conviction in the California Court of Appeal and petitioned the California Supreme Court for review. (First Amended Petition at 2-3).

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed on the date the prisoner delivers it to prison authorities for mailing. Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). Here, the Court used the date on the Petition's Proof of Service as the constructive filing date. (Petition at 7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case Nos.    CV 16-6646 JGB (SS)                      Date: January 5, 2018
                                                                           Page 2 of 4

Title:         Christian O. Eguilos v. Joe Lizarraga

For both of these proceedings on appeal, Petitioner gives dates of decision – July 18, 2016 and August 15, 2016, respectively – but also states that the cases are "pending." (Id. at 3). On a later page, he lists the California Supreme Court case as a pending case. (Id. at 8). In addition, exhibits to his initial Petition suggested that when Petitioner initiated this action on July 7, 2016, he may have been in state custody pending trial on the criminal charges that are the subject of the Petition. (Petition at 10-19 (state court form pleadings signed by Petitioner and dated July 7, 2016 requesting a hearing and trial or dismissal of charges pending longer than 90 days)).

Petitioner's contradictory information about the status of his conviction makes it unclear whether this federal habeas action may be premature. (See First Amended Petition at 3, 8 (indicating that proceedings on direct appeal remain pending, while also listing dates of decision)).² If his conviction is not final, then this action may warrant dismissal without prejudice pursuant to Younger v. Harris, 401 U.S. 37 (1971).

Under Younger, a federal court will generally abstain from intervening in a pending state criminal proceeding where the danger of irreparable harm is "great and immediate." See id. at 45-46. "Application of Younger does not lead to the determination that the federal courts have no basis for jurisdiction in the first instance. Rather, [under Younger] the federal courts have bound themselves pursuant to principles of comity to voluntarily decline to exercise jurisdiction that they have and would otherwise exercise." Canatella v. State of California, 404 F.3d 1106, 1116 (9th Cir. 2005) (emphasis omitted). Thus, when Younger applies, the court must dismiss the pending action without prejudice. See Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a

---

²     Furthermore, in July 2016, Petitioner filed a habeas corpus petition before this Court on substantially the same grounds raised in the instant action. (Eguilos v. Lazzargo, CV 16-5352 JGB (SS), Dkt. No. 1). Because Petitioner claimed that his direct appeal was pending, the Court dismissed that petition without prejudice on Younger abstention grounds as prematurely filed. (Id. at Dkt. Nos. 4, 6-7).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case Nos.   CV 16-6646 JGB (SS)                         Date: January 5, 2018
                                                         Page 3 of 4

Title:     Christian O. Eguilos v. Joe Lizarraga

decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires dismissal of the federal action." (emphasis omitted)).

Abstention is required when "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff or petitioner is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008). Abstention is then warranted unless there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); see also Edelbacher v. Calderon, 160 F.3d 582, 584, 586 (9th Cir. 1998) ("extreme" or "unusual" state court delay may justify immediate federal review if delay is attributable to state court ineffectiveness).

Here, the criteria for Younger abstention may be satisfied. First, although the precise status of Petitioner's criminal proceedings is uncertain, Petitioner's conviction may now or in the future be subject to direct review by the California appellate courts. Second, state court criminal proceedings implicate important state interests in the order and integrity of California's criminal justice system. See, e.g., Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Third, there is no suggestion that state proceedings will provide inadequate opportunities to litigate issues that may be presented in the instant federal proceeding. Fourth, a ruling by this Court in Petitioner's favor could have the practical effect of enjoining ongoing state proceedings.

Petitioner also has not identified any "extraordinary circumstance that would make abstention inappropriate." Middlesex Cnty. Ethics Comm., 457 U.S. at 435; see also Edelbacher, 160 F.3d at 584. Particularly, even if Petitioner has been held without a trial for several months, this is not "extreme delay" such that intervention is warranted. Cf.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case Nos.   CV 16-6646 JGB (SS)                    Date: January 5, 2018
                                                   Page 4 of 4

Title:      Christian O. Eguilos v. Joe Lizarraga

Edelbacher, 160 F.3d at 586 (intervention unwarranted where state proceedings were likely to last a "matter of months, not years" (quotation marks omitted)).

Accordingly, based upon the Petition as currently submitted, Younger abstention appears to be required. Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order, why this action should not be dismissed pursuant to the Younger abstention doctrine. In doing so, Petitioner must clarify the status of his conviction and any proceedings on direct appeal. Petitioner is directed to inform the Court of any reason why the Younger abstention criteria are not satisfied. Petitioner is further directed to inform the Court of any facts demonstrating that an extraordinary circumstance exists where the danger of irreparable harm is both great and immediate.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.** However, **Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed for failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his address of record.

IT IS SO ORDERED.